**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julia Zlotoff,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-02216-PHX-JAT<br><br>**ORDER** |

　　　　On January 17, 2023, Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 25).  Thereafter, the parties filed a stipulation for an award of fees under the EAJA (Doc. 26) rendering the motion moot.

　　　　In the stipulation, the totality of the parties' discussion regarding Plaintiff's entitlement to fees under the EAJA is: "[t]his stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses and does not constitute an admission of liability on the part of Defendant under the EAJA." (Doc. 26 at 2).

> "A litigant is entitled to attorneys' fees under the EAJA if: '(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable.' *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A)."

*Michele M. v. Saul*, No. 19-CV-00272-JLB, 2020 WL 5203375, at *1 (S.D. Cal. Sept. 1, 2020).

Previously, this Court remanded this case to the social security administration for further proceedings. (Doc. 23). Accordingly, the Court finds that Plaintiff is the prevailing party.

Regarding prong two, the Ninth Circuit Court of Appeals has explained:

> Pursuant to the EAJA, we are required to award [Plaintiff] fees and other expenses incurred in connection with his civil action unless we find that the position of the United States was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).
>
> The test for determining whether the Secretary's position was substantially justified under the EAJA is whether the position had a reasonable basis in both law and fact—that is, whether it was justified "to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988); *see also Barry v. Bowen,* 825 F.2d 1324, 1330 (9th Cir. 1987). The burden is on the Secretary to prove that his position was substantially justified. *Id.*

*Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991).

The Government's failure to oppose fees, but simultaneously disclaim that it owes fees under the EAJA, puts the Court in a difficult position. This case was remanded by stipulation of the parties (Docs. 22-23), and this Court has never evaluated either party's positions. Nonetheless, applying the test as articulated in *Russell*, the Court finds that the Government has failed to prove that its position was substantially justified or that special circumstances make an award unjust. 930 F.2d at 1445; *see also Michele M.*, 2020 WL 5203375, at *1.

Finally, the Court should award only reasonable fees. Here, the stipulation does not include a billing statement, which would include the rate charged and the hours expended. However, Plaintiff's counsel did include this information in the now-moot motion. (Doc. 25). The Court notes that the amount requested in the stipulation as a compromise is less than the fees sought in the motion. The Court finds the amount of fees sought in the stipulation to be reasonable and the Court finds that the Government, by the stipulation, has conceded that the fees are reasonable.

In the stipulation, Plaintiff's counsel states that Plaintiff has signed an assignment of any award of fees to counsel. (Doc. 26 at 2). The Court has not been provided with a

copy of the assignment and the assignment was not mentioned in the now-moot motion. Nonetheless, the Court will accept Plaintiff's counsel's representation that such an assignment is available in counsel's records for review if this representation is ever disputed.

Based on the foregoing,

**IT IS ORDERED** granting the stipulation (Doc. 26) such that fees in the amount of $9,840.09 as authorized by 28 U.S.C. § 2412, and costs in the amount of $0 as authorized by 28 U.S.C. § 1920, are awarded to Plaintiff subject to the terms of the stipulation.

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner: (1) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, then the check for the fees awarded herein will be made payable to Plaintiff's attorney pursuant to the assignment executed by Plaintiff. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining Equal Access to Justice Act fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

**IT IS FURTHER ORDERED** that the motion for attorney's fees (Doc. 25) is denied as moot.

Dated this 30th day of January, 2023.

James A. Teilborg
Senior United States District Judge