**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julia Zlotoff, | No. CV-21-02216-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff's Attorney's Motion for Attorney Fees under 42 U.S.C. § 406(b). (Doc. 28). The government filed a Response offering an analysis to assist this Court. (Doc. 30). The Court now rules.

**I.    BACKGROUND**

Following denials at the administrative level, Plaintiff filed this action seeking judicial review of the Commissioner's decision. (Doc. 1). Plaintiff submitted briefing (Doc. 15), and the Commissioner filed a Stipulation for remand to the Agency. (Doc. 22). On October 19, 2022, the Court entered an Order reversing the final decision of the Commissioner, remanding this action to the Agency on an open record pursuant to sentence four of 42 U.S.C. 405(g), and for further proceedings consistent with the terms of the Stipulation. (Doc. 23). The Clerk of Court entered judgment in this case. (Doc. 24). On remand, the ALJ issued a fully favorable disability decision, finding Plaintiff disabled as of February 25, 2014. (Doc. 28 at 2). Thereafter, on June 9, 2024, the Commissioner issued a Notice of Award, indicating that Plaintiff's total past-due benefits amounted to

$264,815.70 and stating that §66,203.93 had been withheld from Plaintiff's past-due Title II SSDI benefits to pay possible attorney fees. (*Id.* at 4). Per the terms of the Fee Agreement between Plaintiff and her attorney, the attorney fee is 25% of the past-due benefits. (Doc. 28 at 3, 9). On January 17, 2023, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 25), and on January 27, 2023, the Commissioner filed a Stipulation for the Settlement of Attorney Fees. (Doc. 26). On January 30, 2023, the Court awarded Plaintiff $9,840.09 in attorney fees as authorized by the EAJA, subject to terms of the Stipulation, denying Plaintiff's Motion (Doc. 25) as moot. (Doc. 27).[1]

Plaintiff's counsel now seeks a total fee award of $49,000, equal to 18.5% of past-due benefits. (Doc. 28 at 4).

## II.    DISCUSSION

A court entering judgment in favor of a Social Security claimant represented by counsel "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent to the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Though "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made evident that the initial step is to respect "the primacy of lawful attorney-client fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may deviate downward from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court may also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808) (emphasis in original). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts have an independent "affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149.

---

[1] In Plaintiff's first action against Defendant (*Zlotoff v. Comm. Soc. Sec. Admin*, No. CV-19-02829-PHX-JAT, 2020 WL 6938203 (D.Ariz. Nov. 25, 2020)), the Court awarded Plaintiff $6,700 in EAJA fees. (Doc. 28 at 1). This brings Plaintiff's total EAJA offset to $16,540.09.

In determining whether fees sought under § 406(b) are reasonable, the Court considers the contingent-fee arrangement, the character of the attorney's representation, and the achieved result. *Gisbrecht*, 535 U.S. at 808. Although not controlling, Courts may also consider the number of hours spent representing the claimant and the lawyer's normal hourly billing rate for non-contingent-fee cases in the reasonableness determination. *Id.* at 808-09. Further, if a claimant's attorney receives fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Id.* at 796 (citation omitted).

Here, applying the *Gisbrecht* factors, Plaintiff's counsel's requested fee is reasonable. Plaintiff contracted to pay 25% of past-due benefits on a contingent fee basis for work Plaintiff's counsel performed in this action. (Doc. 28 at 3, 9). Plaintiff's counsel seeks $49,000, or 18.5% of the past-due amount awarded to Plaintiff. (*Id.* at 4). Counsel's itemization of services indicates 94.6 attorney hours rendered. (Doc. 28 at 6). Based on the hours expended, Plaintiff's counsel's effective hourly rate for this work is $517.69. This amount is consistent with effective hourly rates the Ninth Circuit has previously approved. *See Young v. Colvin*, No. CV-11-538-PHX-SMM, 2014 WL 590335, at *2 (D. Ariz. Feb. 14, 2014) (citing *Crawford*, 586 F.3d at 1153) (identifying approval of effective hourly rates of $519, $875, and $902).

In reviewing the instant record, the Court finds no indication that Plaintiff's counsel has engaged in any substandard performance. Further, there is no indication of substandard performance or undue delay in prosecuting Plaintiff's case. As such, upon consideration of the *Gisbrecht* reasonableness factors, in addition to the risk involved in the contingency fee arrangement in this case, the Court concludes that a fee award of $49,000 is reasonable and will approve an award in this amount. Because the "claimant's attorney must refund to the claimant the amount of the smaller fee," *Gisbrecht*, 535 U.S. at 796, the Court will order Plaintiff's counsel to refund the EAJA award total of $16,540.09 to Plaintiff upon Plaintiff's counsel's receipt of the attorney fees awarded by this Order.

### III. CONCLUSION

Therefore,

**IT IS ORDERED** that Plaintiff's Attorney's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Doc. 28) is GRANTED in the amount of $49,000.00.[2]

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall, after receipt of the above-awarded fee, refund to Plaintiff all fees awarded under the EAJA, in the amount of $16,540.09.

Dated this 12th day of December, 2024.

James A. Teilborg
Senior United States District Judge

---

[2] In her motion, counsel requests $49,000.00 in fees 10 separate times, which is how the Court arrived at this number. *See* (Doc. 28). However, the motion has several mathematical calculations that have proven very confusing. For example, Footnote 2 says: "Total Fees Sought $49,000-$16,540.09 (EAJA Fees Received) = $47,709.91 net fees." The correct mathematical calculation for counsel's proposed "net fees" is: $32,549.91. Thus, the Court believed the $47,709.91 figure was a typographical error. However, Footnote 7 again uses this $47,709.91 number as the fees sought. Footnote 7 continues that an additional $15,250.00 is being sought at the agency level; but repeats that the 47,709.91 "total" is only 18%. However, $49,000 plus $15,250 would be 24.25%. Although never directly stated, the Court believes counsel's calculation is as follows: $49,000 awarded under § 406 by this Court, less the $16,540.09 counsel must refund to the client of previously awarded EAJA fees, plus an award of $15,250.00 at the agency level, i.e., $49,000.00-$16,540.09 = $32,549.91; then $32,549.91 plus $15,250.00 = $47,709.91.
  Notwithstanding this confusion, Footnote 5 clearly says counsel seeks a $49,000.00 award from this Court and expects the $16,540,04 EAJA offset to apply to the $49,000 award. Thus, the Court's analysis is based on this $49,000.00 request.